UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 24-5253-DMG (JCx)** | Date | June 13, 2025 |
| Title | *Nadine White v. Asset Default Management, Inc., et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER RE MOTION TO INTERVENE, MOTION TO EXPUNGE, MOTION TO DISMISS, AND MOTION TO REMAND [33] [35] [42] [47]**

Before the Court is Defendant Jeffry Scapa's motion to intervene [Doc. # 33 ("MTI")] and motion to expunge the Notice of Pendency of Action (*Lis Pendens*) [Doc. # 35 ("MTEx")]. Also before the Court is Defendants Scapa and Asset Default Management, Inc.'s ("ADM") joint motion to dismiss [Doc. # 42 ("MTD")] and Plaintiff Nadine White's motion to remand [Doc. # 47 ("MTR")]. All motions are fully briefed. [Doc. ## 38 ("MTEx Opp."), 41 ("MTEx Reply"), 44 ("MTD Opp."), 45 ("MTD Reply"), 50 ("MTR Opp.")]. White did not file a Reply in support of her motion to remand.

For the reasons set forth below, the Court **DENIES** the motion to remand, **DENIES** the motion to intervene **as moot**, **GRANTS** the motion to expunge the *lis pendens*, **GRANTS** the motion to dismiss **without leave to amend**, and **DISMISSES** the action **without prejudice** for lack of standing.

I.
FACTUAL PROCEDURAL BACKGROUND[1]

On May 10, 2024, a foreclosure sale of the property located at 1316 Beverly Grove Place, Los Angeles, California 90210 (hereinafter "Beverly Grove Property") occurred. [Doc. # 36 ("FAC") at ¶ 24.] Scapa placed a bid which became final as of June 24, 2024. *Id.* at ¶ 25. On June 20, 2024, White filed this action for declaratory and injunctive relief against ADM in the Los

---

[1] All Requests for Judicial Notice of filings in the Bankruptcy Proceeding, the Los Angeles County Recorder's Office, and Los Angeles County Superior Court are **GRANTED**. [Doc. ## 30-1, 33-1, 50-1, 53.] These filings are matters of public record appropriate for judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006); *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. 2015). The Court does not take judicial notice of disputed facts in such documents. *See* Fed. R. Evid. 201; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-5253-DMG (JCx)** | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Nadine White v. Asset Default Management, Inc., et al.* | Page | 2 of 6 |

Angeles County Superior Court. [Doc. # 1-1.] ADM removed the action to this court on June 21, 2024. [Doc. # 1 ("NOR").] Three days later, on June 24, 2024 at 4:24 p.m., White filed an *ex parte* application ("EPA") for a temporary restraining order to prevent ADM from concluding a foreclosure sale on the Beverly Grove Property set for 5:00 p.m. that day. [Doc. ## 4, 5, 6, 13, 16, 17, 18.] On June 27, 2024, Hon. Sherilyn P. Garnett, United States District Judge, denied the EPA as moot as a matter of law since the foreclosure sale had become final. [Doc. # 19.]

The action was then transferred to this Court as related to *Adel Yamout v. Jeffry Scapa, et al. ("Yamout I")*, No. CV 24-2955-DMG (JCx) (C.D. Cal.). [Doc. # 23.] This Court denied White's motion for reconsideration of Judge Garnett's Order, finding White abused the *ex parte* application process and failed to present any new law or fact or mistake that would warrant reconsideration. [Doc. # 26.]

On July 31, 2025, the Court ordered ADM to show cause why the action should not be remanded for lack of subject matter jurisdiction since the Bankruptcy Court approved the trustee's notice to abandon the Beverly Grove property. [Doc. # 27 ("OSC").] ADM filed a response to the Court's OSC [Doc. # 30] and a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. # 29 ("MTD 1")]. The Court granted ADM's motion to dismiss with leave to amend for White's failure to file an opposition by her August 16, 2024 deadline. [Doc. # 32.]

On August 5, 2024, White filed a Notice of Pendency of Action (*Lis Pendens*) with the Los Angeles County Recorder's Office on the Beverly Grove Property. [Doc. # 28.] Jeffry Scapa, who at the time was not a defendant, filed a motion to intervene as an interested party and a notice of interested parties. [Doc. ## 33, 34.] White, pursuant to the Court's prior order, filed her First Amended Complaint and, in relevant part, named Scapa as a defendant. [Doc. # 36 ("FAC").] White also filed a notice of non-opposition to Scapa's motion to intervene. [Doc. # 39.] Because Scapa is now a party defendant, his motion to intervene is **DENIED as moot**.

In her FAC, White presents herself as a "ready, willing and able" bidder. FAC at ¶ 33. White alleges *if* she had been "made aware of" and had the opportunity to bid at the foreclosure sale of the Beverly Grove Property, she would've paid "substantially more" than the winning bid. *Id.* She claims she had prior knowledge of the Beverly Grove Property since 2007 and "considered making an offer to buy it at that time. *Id.* She spoke with Adel Yamout, the Plaintiff in *Yamout I*, on June 18, 2024 and "realized" the bidding process was "manipulated." *Id.* In sum, White did not learn about the foreclosure sale until over five weeks after it occurred, only learned of it by speaking with the plaintiff in a related case alleging similar claims, and alleges she *would have* placed a bid that *would have* surely won.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-5253-DMG (JCx)** | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Nadine White v. Asset Default Management, Inc., et al.* | Page | 3 of 6 |

## II.
## DISCUSSION

**A.      Motion to Remand**

District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11," the Bankruptcy Code, "or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *see also Stern v. Marshall*, 564 U.S. 462, 473 (2011). A case is "related to" title 11 for this purpose if its outcome could have *any convincible effect* on the estate being administered in bankruptcy. *McGuire v. United States*, 550 F.3d 903, 911–12 (9th Cir. 2008) (citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)). This basis of jurisdiction is "very broad, including nearly every matter directly or indirectly related to the bankruptcy." *In re Wilshire* Courtyard, 729 F.3d 1279, 1287 (9th Cir. 2013) (quoting *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) (internal quotation marks omitted)).

White seeks, in sum, to undo the transfer of title to Scapa from the foreclosure sale and to force a new foreclosure sale where she can place a bid. FAC at ¶¶ 58–63, A–E. Scapa is a lender/creditor in the bankruptcy proceeding and placed a credit bid to win the Beverly Grove Property—if the transfer were undone, this credit bid would no longer apply and the Bankruptcy Estate's liability would increase. MTR Opp. at 6; Doc. # 30 ("OSC Response") at 3.[2] This is well within the Court's "related to" jurisdiction. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 308 (C.D. Cal. 2010) ("[T]he Ninth Circuit made clear it was adopting an expansive view of relatedness; even a remote relationship confers 'related to' jurisdiction.").

White also requests that the Court abstain under 28 U.S.C. section 1334(c)(1) and (2). *See* MTR at 10–12. Abstention under sections 1334(c)(1) and (2) is warranted "only where there is a parallel proceeding in state court." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997). There is no parallel state proceeding in a removed case because removal extinguishes the state proceeding. *Id.* Sections 1334(c)(1) and (2) are inapplicable as a matter of law. *See In re Lazar*, 237 F.3d 967, 981 (9th Cir. 2001) (citing *Sec. Farms*, 124 F.3d at 999).

In light of the foregoing, the July 31, 2024 OSC [Doc. # 27] is **DISCHARGED** and White's Motion to Remand is **DENIED**.

---

[2] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-5253-DMG (JCx) | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Nadine White v. Asset Default Management, Inc., et al.* | Page | 4 of 6 |

### B.  Motion to Expunge and Motion to Dismiss

A Notice of Pendency of Action, or a *lis pendens*, is "a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." *Urez Corp. v. Superior Court*, 190 Cal. App. 3d 1141, 1144 (1987). Once a party records a *lis pendens*, any other party "may apply to the court in which the action is pending to expunge the notice." Cal. Civ. Proc. Code § 405.30. Under California law, a *lis pendens* must be expunged if: (1) the pleading on which it is based does not contain a real property claim, or if (2) the Court finds the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. Cal. Civ. Proc. Code §§ 405.31, 405.32.

Scapa moves for the Court to expunge the *lis pendens*, and dismiss the action under Federal Rule of Civil Procedure 12(b)(1), on the basis that White lacks Article III standing. MTEx at 14–15; MTD at 9–10. Article III requires a plaintiff have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Lake v. Fontes*, 83 F.4th 1199, 1203 (9th Cir. 2023) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). The plaintiff must demonstrate a "concrete and particularized" and "actual or imminent" "invasion of a legally protected interest." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "An interest is 'particularized' when it impacts a plaintiff in a 'personal and individual way.'" *Lake*, 83 F.4th at 1203 (quoting *Spokeo, Inc.*, 578 U.S. at 339). "An interest shared generally with the public at large . . . will not do." *Id.* (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997)).

White's only interest in the foreclosure sale is as a potential bidder who learned of the sale five weeks after the fact. Such an interest is shared generally with the public at large—any member of the public can contend that he or she *wanted* to bid in a foreclosure sale and *would have* placed a winning bid of an unspecified amount from unspecified funds to win the sale. White's claim is speculative, she has not suffered an injury in fact, and therefore she lacks Article III standing. Furthermore, amendment would be futile. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). Standing is determined at the commencement of litigation and no amended facts can save White's complaint from her lack of standing. *Id.*

Without standing to assert any of her claims, White has not established the probable validity of her real property claims and the *lis pendens* must be expunged. Cal. Civ. Proc. Code § 405.32. Additionally, Scapa moves for reasonable attorney's fees. Under California Civil Procedure Code section 405.38, a prevailing party on a motion to expunge a *lis pendens* is entitled to recover attorney's fees and costs in making or opposing the motion, "unless the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 24-5253-DMG (JCx)** | Date | June 13, 2025 |
| Title | *Nadine White v. Asset Default Management, Inc., et al.* | Page | 5 of 6 |

costs unjust." Cal. Civ. Proc. Code § 405.38; *see J&A Mash & Barrel, LLC v. Superior Ct. of Fresno Cnty.*, 74 Cal. App. 5th 1, 42 (2022). The purpose of section 405.38 is to "curtail misuse of the lis pendens procedure." *J&A Mash & Barrel, LLC*, 74 Cal. App. 5th at 42 (citing *Castro v. Superior Court*, 116 Cal. App. 4th 1010, 1022 (2004)).

Scapa is the prevailing party. Scapa's counsel, who has been a licensed attorney in California since 1996, claims an hourly billing rate of $400. Decl. of William Brockschmidt ("Brockschmidt Decl.") at ¶ 2 [Doc. # 35 at 31]. Scapa requests 26.9 hours on the motion to expunge, an estimated six hours on the reply, and an estimated six hours on the hearing on the motion. *Id.* at ¶¶ 3, 4. When he filed his reply, Scapa did not elaborate on the hours ultimately billed but repeated the same award request. *See* MTEx Reply at 14–17. Since the Court did not hold a hearing on the motion, the Court will not consider the six hours anticipated for a hearing. *See* Doc. # 43. The hourly rate and amount of hours billed are otherwise reasonable.

White's only contention on fees is a footnote that she "acted with substantial justification in seeking to stop and now set aside an unfair and unlawful foreclosure sale." MTEx Opp. at 9 n.7. The Court fails to find *any* substantial justification—White's lack of standing is blatantly apparent, as she did not attend or even know of the foreclosure sale, and she has abused both the *ex parte* application process and the *lis pendens* process in order to cloud the title of the Beverly Grove Property. White admits to "cooperating" with Yamout, who the Court already dismissed for lack of standing in *Yamout I* on nearly identical claims, and White only learned of this foreclosure five weeks after the fact by speaking with him. *See* MTEx at 8 n.2; MTEx Opp. at 7 n.6.

In light of the foregoing, the Court **GRANTS** Scapa's motion to dismiss under Rule 12(b)(1) **without leave to amend**, **DISMISSES** this action **without prejudice** for lack of standing, **GRANTS** Scapa's motion to expunge the *lis pendens*, and **GRANTS** Scapa's request for attorney's fees and awards **$13,160** in attorney's fees for 32.9 hours at an hourly rate of $400.

### III.
### CONCLUSION

In light of the foregoing, the Court issues the following rulings on the pending motions:

1. Scapa's Motion to Dismiss is **GRANTED without leave to amend** and the action is **DISMISSED without prejudice** for lack of standing;

2. Scapa's Motion to Intervene [Doc. # 33] is **DENIED as moot**;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 24-5253-DMG (JCx)** | Date | June 13, 2025 |
| Title | *Nadine White v. Asset Default Management, Inc., et al.* | Page | 6 of 6 |

3. The July 31, 2024 Order to Show Cause is **DISCHARGED**;

4. White's Motion to Remand [Doc. # 47] is **DENIED**;

5. Scapa's Motion to Expunge the *Lis Pendens* is **GRANTED**;

6. The following Notice of Pendency of Action is hereby expunged, effectively immediately: Notice of Pendency of Action Re 1316 Beverly Grove Place, Los Angeles, CA 90210 recorded by Nadine White with the Los Angeles County Recorder's Office on August 5, 2024; and

7. Scapa's request for attorney's fees in conjunction with the Motion to Expunge is **GRANTED** in the amount of **$13,160**.

**IT IS SO ORDERED**.